1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>LINDSY MARIE SPARGO,<br><br>      Defendant. | CASE NO. 3:25-cr-05043-DGE<br><br>ORDER ON MOTION FOR<br>TEMPORARY RELEASE (DKT.<br>NO. 105) |

   This matter comes before the Court on Defendant Lyndsy Spargo's motion for furlough or temporary release from Federal Detention Center, SeaTac ("FDC SeaTac"), where she is currently in pretrial detention.  (Dkt. No. 105.)  Spargo requests temporary release to attend the memorial service of her recently deceased grandmother.  (*Id*. at 1.)  The government objects, arguing that "Spargo's criminal history and performance on supervised release demonstrate she poses both a risk of flight and a danger to the community."  (Dkt. No. 106 at 2.)

   Spargo has been charged for her role in a drug trafficking conspiracy; specifically, she is alleged to have both conspired to possess drugs for distribution and to have possessed for

distribution a quantity of methamphetamine triggering a ten-year minimum and life-maximum sentence of imprisonment.  (*See* Dkt. No. 1.)  In 2018, Spargo was convicted in federal court of conspiracy to distribute methamphetamine and was sentenced to five years in prison. (Dkt. No. 71 at 4.)  Spargo was released and her period of supervision commenced in August 2021.  (*Id*. at 5.)  After a noncompliance report in March of 2024, a warrant for Spargo was issued in January of 2025 alleging committing the offense of unlawful possession of a controlled substance with intent to deliver methamphetamine and possessing a controlled substance.  (*Id*.) Spargo was ordered detained on January 22, 2025, following her arrest on the supervised release warrant. (*Id*.)  Spargo has had six cases in which she served prison time and community supervision and has had thirteen bench warrants for failure appear for prior hearings.  (*Id*.)

Under 18 U.S.C. § 3142(i), the Court may order the temporary release of a pretrial detainee if it finds that there is a "compelling reason" to do so.  *See United States of Am. v. Ryan*, 445 F. Supp. 3d 707, 708 (C.D. Cal. 2020).  "To sustain this burden, a defendant must demonstrate the presence of one of two factors: (1) that his temporary release is necessary for the preparation of his defense; or (2) that his temporary release is necessary for 'another compelling reason.'"  *United States v. Pineda*, No. 1:19-CR-00195-NODJ-BAM-1, 2025 WL 268954, *1 (E.D. Cal. Jan. 21, 2025).  The Court's primary legal consideration is a defendant's dangerousness and flight risk.  *Id*. (collecting cases).

Nothing in the record nor anything alleged by Spargo in the motion for temporary release changes the facts and circumstances that led to, and provide continued support for, Spargo's detention.  While the Court sympathizes with Spargo for the loss of her grandmother, the Court's prior conclusion about the danger Spargo presents is unaffected by her request to attend a funeral service.  Also, Spargo's lengthy criminal history, significant record of failure to appear as

directed, and repeated re-offense under supervision indicate she remains a significant flight risk. Although the death of a relative is tragic, it does not rise to the level of a "compelling reason" to release the Defendant given her record.  *See United States v. Navarro*, No. 2:19-cr-00056 JCM DJA, 2020 WL 5877816, at *1–*2 (D. Nev. Oct. 2, 2020); *Pineda*, 2025 WL 268954 at *2.

Accordingly, IT IS HEREBY ORDERED that, for the reasons stated above, the motion for temporary release (Dkt. No. 105) is DENIED.

Dated this 4th day of June, 2025.

David G. Estudillo
United States District Judge